DECISION
{¶ 1} Relator, Karen Grimm, filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent, Industrial Commission of *Page 2 
Ohio ("commission"), to vacate its order denying relator's request for temporary total disability ("TTD") compensation and entering an order granting such compensation.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.)
 {¶ 3} In brief, relator suffered a work-related injury on February 24, 2005, and she saw Jung M. Kim, M.D., the following day. Dr. Kim released relator to return to work with restrictions. Relator's employer, respondent, Kaleel Brothers, Inc. ("employer"), provided relator a written offer of modified job duties. Although relator did not sign the written offer, she did return to work in some capacity and within her restrictions.
 {¶ 4} On March 18, 2005, relator saw Dr. Kim again, and Dr. Kim released her to return to sedentary work only. That same day, the employer provided relator a written offer of modified job duties within Dr. Kim's restrictions, but relator did not sign the written offer. The modified job required relator to work the day shift instead of the evening shift. Nevertheless, relator reported to work for the evening shift on March 20, 2005, and she was sent home.
 {¶ 5} Relator and the employer presented differing accounts of what occurred after March 20, 2005. Relator testified that she called off work on March 21, 2005, and that she was advised to remain off work until she saw Dr. Kim again. The employer presented testimony that relator was not advised to stay off work and that she was expected to report to work. Relator did not report for work on March 22, 2005. *Page 3 
 {¶ 6} In a letter dated March 22, 2005, and sent to relator by certified mail on March 23, 2005, the employer terminated relator's employment. Relator signed for the letter on March 31, 2005.
 {¶ 7} On March 23, 2005, Dr. Kim certified relator as being totally disabled from work from March 23 through March 30, 2005. Relator began treating with James J. Sansone, D.C., who certified relator as being totally disabled from work from March 25, 2005, until April 25, 2005. Relator filed a motion for TTD compensation beginning on March 25, 2005.
 {¶ 8} Following a hearing on September 15, 2005, a district hearing officer ("DHO") denied relator's application. The DHO concluded: (1) that relator had refused the employer's March 18, 2005 offer of a job within her restrictions; and (2) that relator had voluntarily abandoned her employment by failing to report for work or call in on March 22, 2005. Following a hearing on November 14, 2005, a staff hearing officer ("SHO") affirmed the DHO's order for the same reasons.
 {¶ 9} As noted, relator seeks a writ of mandamus ordering TTD compensation. The magistrate issued a decision denying the requested writ. Relator objects to the magistrate's finding that she was not entitled to TTD compensation because she was terminated on March 22, 2005, and she objects to the magistrate's decision that she "voluntarily abandoned her employment when she waited three days to have her doctor review the latest light duty job offer from the employer."
 {¶ 10} However, we agree with the magistrate's conclusion that there was some evidence to support the commission's findings. While relator disputes those factual findings, the commission holds discretion to weigh the evidence and resolve questions *Page 4 
of credibility. Here, the commission believed the employer's account of what occurred. Specifically, the commission found that relator did not accept the March 18, 2005 job offer and that she violated a written work rule by not reporting to work on March 22, 2005. Based on this evidence, the commission could properly deny TTD compensation. Therefore, we overrule relator's objections.
 {¶ 11} Having overruled relator's objections, and based on our independent review of the evidence, we adopt the magistrate's decision, including the findings of fact and conclusions of law contained in it, as our own. Accordingly, we deny relator's request for a writ of mandamus.
Objections overruled, writ of mandamus denied.
 BRYANT and McGRATH, JJ., concur. *Page 5 
 APPENDIX A MAGISTRATE'S DECISION